Opinion filed August 18, 2016



In The

# Eleventh Court of Appeals

_____

## No. 11-14-00237-CR
_____

## GABRIEL ALVARADO-TORREZ, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 142nd District Court**

**Midland, Texas**

**Trial Court Cause No. CR41097**

## MEMORANDUM OPINION

The jury convicted Gabriel Alvarado-Torrez of two counts of indecency with a child. *See* TEX. PENAL CODE ANN. § 21.11(a)(1) (West 2011). In count one, the jury assessed Appellant's punishment at confinement for ten years and recommended that the imposition of the sentence be suspended and that he be placed on community supervision for ten years. A fine in the amount of $5,000 was also

assessed. In count two, the jury assessed Appellant's punishment at confinement for ten years and recommended that the imposition of the sentence be suspended and that he be placed on community supervision for ten years. A fine in the amount of $10,000 was also assessed, but it was suspended. There is no challenge to the sufficiency of the evidence. In Appellant's sole issue on appeal, he contends that "the trial court erred when it allowed the State to ask 'theories of punishment' questions binding the venireman's answers to additional facts added to the State's general inquiry." We affirm.

During voir dire, the prosecutor made "theories of punishment" statements and then gave the panel members certain answer choices relative to the statements. In the first statement, the prosecutor said: "A defendant who is remorseful should be punished less severely." The prosecutor then submitted the following options from which the panel members could choose:

1. Strongly agree. Pain of guilt is punishment enough.

2. Agree. Remorse should be considered more than the crime committed.

3. Disagree. Remorse is good but it doesn't change what happened.

4. Strongly disagree. Everyone is sorry afterward.

In the second statement, the prosecutor said:

The importance of the victim when assessing punishment is:

1. Not important. Only the Defendant's actions and past matter.

2. Slightly important. Victims matter, the defendants matter more.

3. Important. Victims matter more than defendants.

4. Very important. The harm caused is the main consideration.

A question is proper if it is designed to ascertain a juror's views on an issue applicable to the case. *Barajas v. State*, 93 S.W.3d 36, 38 (Tex. Crim. App. 2002). Because a trial court has broad discretion over the process of selecting a jury, an

appellate court should not disturb a trial court's ruling made during voir dire absent an abuse of discretion. *Id.* However, commitment questions may not be asked. *Standefer v. State*, 59 S.W.3d 177, 179 (Tex. Crim. App. 2001). A commitment question is a voir dire question that seeks to "commit a prospective juror to resolve, or to refrain from resolving, an issue a certain way after learning a particular fact." *Id.* A commitment question is improper only when the law does not require such a commitment and when the question includes facts beyond those necessary to support a challenge for cause. *Id.* at 181–82.

Appellant contends that these voir dire questions went beyond the scope of "theories of punishment" inquiries and were improper commitment questions. Appellant concedes that "theories of punishment" questions are permissible, but he asserts that the predetermined answers were an additional set of facts that attached an "additional qualifier, or factual conclusion, on the venireman's response." The State argues, however, that the questions and responses did not bind the prospective jurors to any particular verdict on punishment. Further, the State contends that the questions were "designed to elicit information on the juror's philosophy and priority on the purpose of punishment concerning issues of the impact on the victim and the remorse, if any, shown by a defendant."

Commitment questions often require a "yes" or "no" answer, and they frequently include words such as "could," "would," or "consider." *Lydia v. State*, 109 S.W.3d 495, 498 (Tex. Crim. App. 2003). In this case, no such words were used in the voir dire questions. Further, the State did not inject facts specific to this particular case but, rather, asked the prospective jurors how they felt about a defendant who was remorseful and about the importance of the victim when assessing punishment. We agree with the State that the questions were an inquiry into the prospective jurors' general philosophies regarding victim impact and defendants' remorse. We hold that the questions were not commitment questions;

3

therefore, the trial court did not err when it allowed the State to ask the questions. Appellant's sole issue on appeal is overruled.

We affirm the judgment of the trial court.


JIM R. WRIGHT

CHIEF JUSTICE


August 18, 2016

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.